# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

Assigned on Briefs at Knoxville October 15, 2013

## STATE OF TENNESSEE v. SHAKENDRA N. BOGGS

**Appeal from the Circuit Court for Williamson County**
**No. II-CR105968     James G. Martin, III, Judge**

**No. M2013-00461-CCA-R3-CD - Filed November 18, 2013**

Shakendra N. Boggs ("the Defendant") pleaded guilty to one count of theft over $500 but under $1,000, with no agreement as to her sentence other than that she would be sentenced as a Range I offender. After a sentencing hearing, the trial court ordered the Defendant to serve eighteen months in split confinement with 104 days to be served in jail on 52 consecutive weekends. The Defendant has appealed, alleging error in both the length and manner of service of her sentence. Upon our thorough review of the record and the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Circuit Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Matthew J. Crigger (on appeal), Franklin, Tennessee, and Stacey Schlitz (at hearing), Nashville, Tennessee, for the appellant, Shakendra N. Boggs.

Robert E. Cooper, Jr., Attorney General and Reporter; Tracy L. Bradshaw, Assistant Attorney General; and Kim R. Helper, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

The Defendant pleaded guilty to one count of theft over $500 but under $1,000, committed on April 23, 2011. The Defendant participated with three other women in taking hundreds of dollars worth of clothing out of the Belk department store in Williamson County,

Tennessee. The Defendant's plea agreement provided that she would be sentenced as a Range I offender but left to the trial court the remaining determinations about her sentence.

At the Defendant's sentencing hearing, held in February 2013, Jon Sweeney testified that he worked at the Belk department store as the "loss prevention manager." He tried to reduce the store's loss of inventory, or "shrink," from shoplifting, employee theft, and paperwork errors. In 2012, the store's "shrink" was $142,000. Sweeney stated that this amount was similar to that in previous years.

Sweeney was working on April 23, 2011, and witnessed four women running out of the store while carrying a large amount of clothing merchandise in their arms. A car was waiting for them in the fire lane. Sweeney ran after the women and caught one of their purses. When the women got to the car, they dropped a lot of the merchandise but put the remainder in the car and left. Sweeney estimated the value of the dropped clothing as $650 and the value of the clothing placed in the car as $350. The Defendant eventually was identified as one of the perpetrators.

The trial court also admitted into evidence the presentence report, which indicated that the Defendant was born on February 25, 1989; that she was single; and that she had two children, aged six and three. The report also contained the Defendant's version of the offense, provided on December 11, 2012:

> On the day of the incident, I was taking non-prescribed xanex [sic] and not in a state of mind to make good decisions. I remember bits and pieces of the day of the incident, but not everything.

> I got caught up with my co-defendant, Desirae Boyd, and 2 others, and had I not been in their company, I would not have made such a poor decision.

> I'm trying to get my life together. I'm going to school, working full time with an evening schedule that is very hard on my family. I am still struggling with my mental health issues, and would like the opportunity to better myself without having to go to jail for the offense. Going to jail will jeopardize my job and the degree program that I have been pursuing.

The presentence report also reflected that the Defendant was charged in Davidson County with theft of merchandise over $1,000, committed on September 16, 2010 (before the instant offense). On July 13, 2011 (after the instant offense), the Defendant was granted diversion and placed on two years of probation.

Also admitted into evidence were several documents submitted by the Defendant, including a Kaplan Career Institute Enrollment Agreement dated August 17, 2012, reflecting the Defendant's enrollment in the Medical Billing & Coding Specialist program; a letter of recommendation dated January 23, 2013, from one of the instructors in the program; a letter of recommendation dated January 28, 2013, from the Senior Admissions Representative of Kaplan Career Institute; a "progress note" from the Mental Health Cooperative dated March 8, 2012, indicating "UDS positive for opiates, benzo, THC" and diagnoses of "major depressive disorder, recurrent, moderate primary" on March 5, 2012, and on November 16, 2011; a "progress note" from the Mental Health Cooperative dated November 16, 2011, indicating a diagnosis of "bipolar disorder NOS primary" on November 15, 2011; and a letter dated January 17, 2013, from Metro Center Healthcare Group indicating that the Defendant "is now a patient at Metro Center Healthcare group," that her "initial psychiatric evaluation" had been conducted that day, and that she had been prescribed medication and would be required to have routine appointments every two to four weeks.

After taking this proof into consideration, the trial court sentenced the Defendant to eighteen months, to be served in split confinement with 104 days served in jail on 52 consecutive weekends. The Defendant contends that the term is too long and that the court should have granted full probation.

**Standard of Review**

Prior to imposing sentence, a trial court is required to consider the following:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in [Tennessee Code Annotated sections ] 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b) (2010).

The referenced "principles of sentencing" include the following: "the imposition of a sentence justly deserved in relation to the seriousness of the offense" and "[e]ncouraging effective rehabilitation of those defendants, where reasonably feasible, by promoting the use of alternative sentencing and correctional programs." Tenn. Code Ann. § 40-35-102(1), (3)(C) (2010). "The sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed," and "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." Id. § 40-35-103(4), (5) (2010).

Our Sentencing Act also mandates as follows:

In imposing a specific sentence within the range of punishment, the court shall consider, but is not bound by, the following advisory sentencing guidelines:

(1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

(2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in [Tennessee Code Annotated sections] 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c).

Additionally, a sentence including confinement should be based on the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

4

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1).

When the record establishes that the trial court imposed a sentence within the appropriate range that reflects a "proper application of the purposes and principles of our Sentencing Act," this Court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 707 (Tenn. 2012). "[A] trial court's misapplication of an enhancement or mitigating factor does not remove the presumption of reasonableness from its sentencing decision." Id. at 709. This Court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." Id. at 709-10. Moreover, under those circumstances, we may not disturb the sentence even if we had preferred a different result. See State v. Carter, 254 S.W.3d 335, 346 (Tenn. 2008). The party appealing the sentence has the burden of demonstrating its impropriety. Tenn. Code Ann. § 40-35-401, Sent'g Comm'n Cmts.; see also State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

## Analysis

In conjunction with imposing sentence, the trial court noted that statistical data provided by the Administrative Office of the Courts indicated that the average sentence imposed for the Defendant's offense was "roughly a year and a half." The court also noted

> that Williamson County is a big retail center here in Middle Tennessee. That shoplifting and retail theft is of concern to this Court. It's an offense that I see frequently.
>
> . . . .
>
> And the Court needs to take seriously these kinds of offenses so that individuals who are going to take merchandise that they don't pay for from retail merchants need to realize that when they come before the Court, it's not going to be treated lightly. And that if the Court doesn't take it seriously, then the public is not going to take it seriously. So that, in the Court's mind, is an important sentencing consideration.

Turning to enhancing factors, the court noted the Defendant's theft offense in Davidson County committed on September 16, 2010, as well as her admitted use of prescription

medication for which she did not have a prescription. See Tenn. Code Ann. § 40-35-114(1) (2010). In mitigation, the court noted that the Defendant's behavior neither caused nor threatened serious bodily injury, that she had some history of mental illness, and that she had family responsibilities. See id. § 40-35-113(1), (13) (2010). Balancing these factors, the court imposed a mid-range sentence of eighteen months.[1]

As to manner of service, the court noted as positives that the Defendant graduated from high school and was pursuing further education at Kaplan; that she was in good physical health; and that she "has the tools to succeed in life and put this behind her at some point and to succeed." As negatives, the court noted the Defendant's choice of companions, the circumstances of the offense, which the court described as "brazen," and the Defendant's other theft offense. The court then ruled as follows:

> Would full probation unduly depreciate the seriousness of the offense? In the Court's mind it would. I mean, people have got to understand that stealing merchandise from retail merchants in Williamson County and in the 21st District in general just is not going to be tolerated by the Court. And if all that this Court does is grant probation on top of the probation that was granted in Davidson County, then this Court is not sending that message. The Court is, in fact, depreciating the seriousness of the offense which is a significant problem in this county.

> Whether or not confinement is particularly suited to provide an effective deterrent to others similarly situated, I think it is. I think that's the one thing that will get the message out, that you can't come to Williamson County and steal merchandise from retail merchants unless you expect to go to jail if you get caught.

> Was this offense particularly enormous, gross or heinous? It was not. So the issue then is, before the Court, on the sentencing question, how this sentence of 18 months is to be served. And I've had this issue arise in other cases with similar facts. . . . In other cases what I have done is impose sentences that are to be served on weekends, so that the individuals involved can pursue their employment, not lose their job, take care of their children, make child care arrangements, but at the same time it's a hardship. If you serve every weekend for a year, then your life seems to be made up of spending your weekends in custody, going to work, taking care of your

---

[1] The Defendant was convicted of a Class E felony and sentenced as a Range I offender. The Range I sentence for a Class E felony is one to two years. Tenn. Code Ann. § 40-35-112(a)(5) (2010).

6

children. You don't have a whole lot of time left for engaging in other activities. . . .

But that's what I'm going to do in this case. I have determined that the sentence will be 18 months suspended after the service of 104 days. That will be served on 52 consecutive weekends.

The Defendant first contends that the trial court improperly enhanced her sentence on the basis of prior criminal behavior "because this evidence could not be considered as criminal behavior *in addition* to that which was necessary to establish the appropriate range." We disagree. A defendant may be determined to be a Range I offender with *no* prior criminal history. See Tenn. Code Ann. § 40-35-105 (2010). Accordingly, *any* previous history of criminal convictions or criminal behavior is "in addition to those necessary to establish the . . . range," id. § 40-35-114(a), and may be used as an enhancement factor. Therefore, the trial court did not err in applying this enhancement factor, and the Defendant is not entitled to relief on this basis.

The Defendant also argues that "[i]t is inconsistent with the Sentencing Act to find mitigation to be appropriate for [the Defendant's] history of mental illness and also find enhancement to be appropriate for her self-medication to treat her mental illness." Once again, we disagree. The Defendant's "self-medication" involved the illegal use of drugs. While mental illness may convince a trial court to determine that some mitigation in sentencing is appropriate, mental illness does not entitle one to engage in illegal conduct. Enhancement on this basis was therefore appropriate. The Defendant is not entitled to relief on this basis.

The Defendant next contends that the trial court should have granted full probation. Our supreme court recently held that the Bise standard of review is also applicable to "questions related to probation or any other alternative sentence." State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012). Thus, in reviewing a trial court's denial of full probation, the applicable standard of review is abuse of discretion with a presumption of reasonableness so long as the sentence "reflect[s] a decision based upon the purposes and principles of sentencing." Id.

A defendant bears the burden of establishing his or her suitability for full probation. See Carter, 254 S.W.3d at 347 (citing Tenn. Code Ann. § 40-35-303(b) (2006)); State v. Mounger, 7 S.W.3d 70, 78 (Tenn. Crim. App. 1999). "This burden includes demonstrating that probation will subserve the ends of justice and the best interest of both the public and the defendant." Carter, 254 S.W.3d at 347 (internal quotation marks omitted). In determining whether to deny full probation and impose a sentence involving confinement,

7

the trial court should consider the criteria set forth in Tennessee Code Annotated section 40-35-103(1), supra.

We discern no abuse of discretion by the trial judge in ordering split confinement. The trial court noted its concerns with the circumstances of the offense, the fact that the Defendant had engaged in similar conduct in Davidson County only months before the instant offense, that full probation would depreciate the seriousness of the offense, and that some period of confinement would serve as an effective deterrent to others similarly situated. The record supports the trial court's ruling. The Defendant is not entitled to relief on this basis.

Finally, the Defendant contends that the period of confinement ordered by the trial court is excessive, claiming that "[s]erving 52 consecutive weekends is not the least severe measure capable of attaining the goal of the trial court to deter crime." However, the record reveals that the trial court conducted a painstaking review of the purposes and principles of sentencing, thoroughly considered all of the evidence before it, and imposed a sentence very similar to other sentences imposed for similar crimes. The record supports the trial court's decision, and, as set forth above, unless a defendant establishes that a trial court abused its discretion in imposing sentence, this Court may not overturn the trial court's judgment. In this case, the Defendant has failed to demonstrate that the trial court strayed so far outside the record or the statutory requirements as to entitle her to relief.[2] Accordingly, we affirm the judgment of the trial court.

### Conclusion

For the reasons set forth above, the judgment of the trial court is affirmed.

_____
JEFFREY S. BIVINS, JUDGE

---

[2] We note that, as a part of this argument in her brief, the Defendant cites the "excessive and enormous burden on . . . the public coffers by requiring the sheriff's department to process [the Defendant] as an inmate 104 separate times . . . ." Although we agree with the Defendant that this manner of service of the 104 days is quite problematic in time and cost to both the sheriff's department and the probation office, we are constrained to conclude that our review for an abuse of discretion must be limited to the fact that the trial court required service of 104 days of the eighteen-month sentence rather than consideration of the impact upon the sheriff's department and the probation office of service of the 104 days on 52 consecutive weekends.